NORFOLK SOUTHERN RAILWAY COMPANY v.
WASHINGTON COUNTY ET AL.

(Filed 15 March, 1911.)

1. Counties—Boundary Line—Location—Legislative Powers.

The location of the true boundary line between counties raises a political question, and the power is vested in the Legislature to determine a disputed line.

**2. Same—Intent—Interpretation of Statutes—Contracts — Constitutional Law.**

A legislative act reciting that a boundary line between two counties is "indefinite and uncertain," declaring its purpose to establish the line and proceeding then to define and describe the line, clearly indicates the intent to declare and establish what it deems the true boundary line; and the line so established must be taken as the true line without question of its historical correctness; and the questions of private rights and impairments of contracts are not involved.

**3. Counties—Boundary Line—Location—Legislative Powers—Courts.**

Since the institution of this action to apportion to Washington and Tyrrell counties taxes on a railroad bridge over Albemarle Sound from one county to the other, a legislative enactment declaring the line to be in the middle of the sound is held as controlling the question.

APPEAL by defendants from *Justice, J.,* heard at chambers at Elizabeth City, 19 January, 1911. From CHOWAN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*W. M. Bond for plaintiff.*
*Pruden & Pruden for Chowan County and Sheriff.*
*Ward & Grimes for Washington County.*

CLARK, C. J. This was an action brought by the Norfolk Southern Railroad Company v. Chowan and Washington counties, alleging that the line between said counties where its railroad bridge or trestle crosses Albemarle Sound was in dispute, and offering to pay into court the total amount of tax assessed against said bridge or trestle, and asking to be discharged from further liability on account of the same, and that the tax collectors of the respective counties be restrained from collecting against the railroad said taxes. By consent of the defendants, the money was paid in, and the two counties agreed that the controversy as to the line between them should be adjudicated and settled upon its merits. The judge held that the line between the two counties was the southern shore of Albemarle Sound, and hence that Chowan County was entitled to the

entire tax upon the bridge, and a perpetual injunction was granted against Washington County from collecting any tax upon said bridge.

An examination of the statutes sustains the conclusion of the judge. See act 1729 creating Tyrrell County, 2 R. S., 164, and act 1799, creating Washington County, 2 R. S., 167. But pending the decision of the cause in this Court, the General Assembly passed the following act, which was ratified 6 March, 1911:

AN ACT TO ESTABLISH THE BOUNDARY LINE BETWEEN WASH-
    INGTON, CHOWAN, AND TYRRELL COUNTIES.

Whereas the exact boundary line between the counties of Chowan, Washington, and Tyrrell is indefinite and uncertain: therefore,

*The General Assembly of North Carolina do enact:*

SECTION 1. That the true boundary line between the counties of Chowan on the one side and Washington and Tyrrell on the other side is hereby declared to be the middle of the Albemarle Sound, a straight line parallel to the shores of said counties.

SEC. 2. This act shall be in force from and after its ratification.

There can be no question as to the power of the General Assembly to create and establish counties and to change the lines between them, or to establish lines that are in dispute. The only question before us is as to the intention of this act, as gathered from its terms. The act recites that the line in question is "indefinite and uncertain," and the title declares that the purpose of the act is "to establish" said line. Section 1 thereupon declares that "the true boundary line" between said counties "is hereby declared to be the middle of Albemarle Sound, a straight line parallel to the shores of said counties."

It seems clear from this that the object of the Legislature was not to change, but to declare and establish what it deemed the true boundary between said counties. This is a political question, and the power to so declare is vested in the General

Assembly. Whether the decision of that question is historically correct or not is not a matter subject to review by the courts. There is no question of private right or the impairment of contracts involved. The General Assembly had power to fix the line and to provide to which county the taxes on the property should go.

The cause must therefore be remanded to the court below, to the end that judgment may be entered apportioning the tax upon said bridge, one-half to Chowan and one-half to Washington County, in accordance with the statute above referred to. The costs of this Court and of the court below will be divided.

Remanded.